# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| VINCENT E. HILL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10 CV 128 JM |
| | ) | |
| ST. JOSEPH COUNTY JAIL, *et al.,* | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Vincent E. Hill, a prisoner currently confined at the Miami Correctional Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that St. Joseph County Jail officials violated his federally protected rights while he was a pretrial detainee at the jail. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than

what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

In his complaint, Hill alleges on or about October 8, 2009, a nurse was sent to his pod to check the detainees for lice. He states that Warden Julie Lawson and Nurse Mary Lee Shirley Burns "ask[ed] us all to line up in a single file to receive our lice testing," and that the inmates complied. (DE 1 at 3). Warden Lawson then asked the inmates "to face the wall, which we all complyed (sic) without resistance. At that time several of the county jail staff came out of nowhere fir[ing] paintball guns with pepper ball pellets which hit several of us including me." (*Id.* at 3-4). He alleges that his eyes and skin were irritated as a result of the pepper balls, that he had trouble breathing (*Id.* at 4), and that he "was later diagnosed with post traumatic stress because of this action." (*Id.* at 8).

Hill asserts that after this incident he and the other detainees were taken to the recreation yard. (*Id.* at 4). He states that while they were standing in the recreation yard, Deputy Marvel approached them and yelled at them to sit down. (*Id.* at 4.) The inmates did not comply, but instead argued with Deputy Marvel, telling them that another guard had told them it was okay to stand up "if it would help us breathe." (*Id.*) According to the complaint, Deputy Marvel replied that he didn't care, and pushed Hill and other inmates to the ground. (*Id.* at 4 and 8). Hill states that he and another inmate named Dotson stood up, that Deputy Marvel "kicked [Dotson's] feet from under him,"and threatened to do the same to Hill if he didn't sit down. (*Id.* at 4). Hill refused to sit down, and Deputy Marvel pushed him back to the ground. (*Id.* at 8).

Hill names as defendants the St. Joseph County Jail, Warden Lawson, Nurse Burns, and Deputies Heath and Marvel. He may not proceed against the jail in this action because it is not a person or even a policy making unit of government that can be held liable under 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who violates an individual's federally protected rights "under color of state law." But a jail is a building, and "is not a 'person' — it is not a legal entity to begin with." *Powell v. Cook County Jail,* 814 F.Supp. 757, 758 (N.D. Ill. 1993).

Hill next alleges a claim of excessive force against Deputy Heath. Because Hill was a pretrial detainee during these events, the Fourteenth rather than the Eighth Amendment applies, but "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County* , 327 F.3d 588, 593 (7th Cir. 2003). "The core requirement for such a claim is that [the defendant] used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Here, Hill alleges that he was doing nothing wrong when Deputy Heath shot him with some type of pepper spray, causing him to suffer pain and have difficulty breathing. Giving Hill the inferences to which he is entitled at the pleadings stage, he has stated a claim of excessive force against Deputy Heath.

Hill next alleges that Deputy Marvel used excessive force against him in the recreation yard. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," constitutes excessive force. *Graham v. Connor*, 490 U.S. 386, 396 (1989). Prison officials are given "wide-ranging deference" in their efforts to preserve internal order and maintain institutional security. *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986). That deference extends to "a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline." *Id.* Here, Deputy Marvel gave Hill a direct order to sit down, and Hill failed to comply. According to the complaint Deputy Marvel was using force for a legitimate purpose, to obtain Hill's compliance with a direct order, he used only that amount of force needed to make Hill comply, and he inflicted no actual injury on Hill. Accordingly, Hill's claim that Deputy Marvel used excessive force on him states no claim upon which relief can be granted.

Finally, Hill names Warden Lawson and Nurse Burns as defendants. The only allegation against them is that Nurse Burns came to the unit to check the detainees for lice, that Warden Lawson asked the inmates to face the wall, and that both were present when Deputy Heath shot Hill with pepper ball pellets.

Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person

cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Warden Lawson is Deputy Heath's superior, and Hill alleges that she was personally present when Deputy Heath used pepper spray on him without any justification. Giving Hill the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts in support of his claim that Warden Lawson was involved in his Eighth Amendment claim excessive use of force claim against him. But even though Nurse Burns may have been present when Deputy Heath used pepper spray on Hill, she is not a member of the custody staff, and the facts alleged do not support an inference that she was in any way involved in or responsible for Deputy Heath's actions. Accordingly, Hill does not state a claim against her upon which relief can be granted.

For these reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Lawson and Heath for damages in their individual capacities on his Fourteenth Amendment excessive force claim for being hit by a pepper ball on or about October 8, 2009;

(2) **DISMISSES** all other claims and **DISMISSES** the St. Joseph County Jail, Deputy Marvel, and Mary Lee Shirley Burns;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Warden Julie Lawson and Deputy Heath, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint; and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that defendants Lawson and Heath respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed.

**SO ORDERED.**

Date: May 17, 2010

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT