UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| VINCENT E. HILL, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 3:10 CV 128 |
| ST. JOSEPH COUNTY JAIL, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Vincent Hill, a prisoner confined at the Miami Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that St. Joseph County Jail officials violated his federally-protected rights while he was housed at the jail as a pretrial detainee. The court screened his complaint pursuant to 28 U.S.C. § 1915A, and allowed him to proceed against Jail Warden Julie Lawson and Deputy Sheriff Dean Heath for damages in their individual capacities on his Fourteenth Amendment excessive force claim for being hit by a pepper ball. The court dismissed all other defendants and claims.

Defendants Lawson and Heath filed a motion for summary judgment pursuant to FED. R. CIV. P. 56, but plaintiff Hill has not responded. The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(C) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be

> "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . .. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' " *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986)(footnote omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007).

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). Hill was a pretrial detainee when the incident he complains of occurred. The Fourteenth Amendment's due process clause, rather than the Eighth Amendment's cruel and unusual punishments clause, protects pretrial detainees from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Nevertheles, the "the recognized standard of

protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir.2003). In either case, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir.2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.; see also Hudson v. McMillian*, 503 U.S. 1. 6-7 (1992)

In his complaint, Hill alleges on October 8, 2009, a nurse was sent to his pod to check the detainees for lice. He states that Warden Lawson "ask[ed] us all to line up in a single file to receive our lice testing," and that the inmates complied (DE 1 at 3). Warden Lawson then asked the inmates "to face the wall, which we all complied (sic) without resistance. At that time several of the county jail staff came out of nowhere fir[ing] paintball guns with pepper ball pellets which hit several of us including me" (*Id*. at 3-4.) Hill alleges that his eyes and skin were irritated as a result of the pepper balls, that he had trouble breathing (*Id*. at 4), and that he "was later diagnosed with post traumatic stress because of this action." (*Id*. at 8.)

In support of their summary judgment motion, defendants submit their own sworn statements and defendant Heath's responses to plaintiff Hill's interrogatories. According to defendants' submissions, the incident Hill complains of occurred on October 8, 2008. Defendants state that Warden Lawson sent a "Detention Response

3

Team" to search the "B-Pod" area of the jail for contraband (DE # 26-1 at 1.) Deputy Heath was assigned to the pepper ball gun system, which was used to control the movements of the inmates while the area was searched. (*Id*.) When the team arrived at the B-Pod and heard inmates coming down the hallway, Deputy Heath directed all twenty-two of them to "get down on your knees and face the wall." (*Id*.) One inmate refused the order to kneel; after this inmate was again directed to kneel and he again refused, Deputy Heath shot that inmate in the lower torso with several pepper-ball shots. (*Id*.) Plaintiff Hill was not the inmate who resisted and, according to defendants' submissions, no force was used against Hill on this occasion (DE # 26-3 at 3.) Defendants state that only the inmate who resisted was hit by pepper balls, and that Hill suffered no injury as a result of this incident (*Id.* at 1-2.)

Because defendants have met their initial obligation under RULE 56, the burden shifts to plaintiff to come forth with evidence sufficient to allow a factfinder to decide in his favor the question of whether defendants used excessive and unnecessary force against him on October 8, 2008. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Although defendants provided the Plaintiff with an extensive warning, as required by *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992) *cert. denied,* 504 U.S. 957 (1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), explaining the consequences of not submitting an affidavit stating facts opposing their dispositive motion, (DE # 27), Hill did not file any response. Accordingly, the court must accept the defendants' uncontested sworn statements of fact as true.

Defendants' submissions establish that they applied force against an inmate on October 8, 2008, during an unstable and potentially dangerous incident at the jail, in a good-faith effort to maintain or restore discipline; not maliciously and sadistically to cause harm. But more importantly, defendants' submissions establish that they did not use force against Hill at all on that occasion, and that Hill suffered no harm or injury. Because Hill has not come forward with evidence from which a reasonable jury could conclude that defendants used excessive force against him in violation of the Fourteenth Amendment, defendants are entitled to summary judgment.

For the foregoing reasons, the court **GRANTS** defendants' motion for summary judgment (DE # 25), and **DIRECTS** the clerk to enter judgment in favor of defendants and against plaintiff, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: January 4, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT